### No. 5269.

Succession of John K. Elgee.   E. T. Parker, Public Administrator v. Bessie Elgee Gaussen, Executrix.

The court below having made an order, in a proceeding to which the defendant was not a party, appointing the plaintiff provisional administrator of the succession of defendant's father in the place of said defendant, the executrix thereof, and putting him in possession of the property thereto belonging, the defendant took a rule against the plaintiff to set aside this interlocutory order on the ground that it was improvidently granted and not warranted by law. The plaintiff appeals from the setting aside of the order.

The plaintiff can suffer no irreparable injury by the decree from which he has appealed. It simply revokes an order disturbing the defendant's possession of the property of her father's estate, and permits her to continue to discharge the duties of executrix of the succession until the suit is tried, and it is determined whether she shall be removed from office or not. Whether her administration pending the suit will be beneficial or injurious, is a question which concerns the heirs and creditors, but it is a matter in which the public administrator has no interest. The appeal must be dismissed.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. W. O. Denegre,* for plaintiff and appellant. *Alfred Philips, Finney & Miller,* for defendant and appellee.

Wyly, J. In a suit by the public administrator against the defendant to destitute her of the office of executrix of the succession of her father, John K. Elgee, the court made an order, in a proceeding to which the defendant was not a party, appointing the plaintiff provisional administrator and putting him in possession of the property. The defendant then took a rule against the plaintiff to set aside the interlocutory order on the ground that it was improvidently granted, and that it was unwarranted by law. From the judgment on this rule setting aside the order alleged to have been improvidently granted, the plaintiff appeals.

The appellee moves to dismiss the appeal on several grounds, the most important being that the judgment appealed from is an interlocutory order that can not work the plaintiff an irreparable injury.

The plaintiff, the appellant herein, is neither a creditor nor heir of John K. Elgee. What interest he can have in complaining that the defendant, the executrix of the succession of her father, has not faithfully· performed the trust confided to her, and therefore should be destituted of office, it is difficult to imagine. But the precise question is, what irreparable injury can the plaintiff suffer by the interlocutory order from which he has appealed.

We can see no injury that can result to the appellant from the order of which he complains. It simply revokes an order disturbing the defendant's possession of the property and permitting her to continue to discharge the duties of executrix of her father's succession until the suit is tried and it is determined whether she shall be destituted of office or not. Whether her administration pending the suit will be beneficial or injurious, is a question which concerns the heirs and creditors; but it is a matter in which the public administrator has no interest. The order can not work him an irreparable injury.

It is therefore ordered that the appeal herein be dismissed at the costs of the appellant.

See the case of succession of Walter Winn, 26 An. 162.